CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

JUN 11 2007

JOHN F. CORCORAN, CLERK
BY: [signature]
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **ROBERT KENNEDY, JR.,** **Petitioner,** | ) | **Civil Action No. 7:07-cv-00261** |
| **v.** | ) | **MEMORANDUM OPINION** |
| **UNITED STATES OF AMERICA,** **Respondent.** | ) | **By: Hon. Norman K. Moon** **United States District Judge** |

Petitioner Robert Kennedy, Jr., a federal inmate proceeding pro se, brings this action styled as a motion to alter and/or amend judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. In brief, petitioner asserts prosecutorial misconduct in that the government knowingly put on a witness who allegedly gave perjured testimony during Kennedy's criminal trial. As relief, Kennedy asks the court to reverse his judgment of conviction.

Rule 60(b) permits the court to relieve a party from a final judgment, order or proceeding for reasons of mistake, inadvertence, excusable neglect, or surprise. However, Rule 60(b) may only be used to challenge a federal civil judgment. It may not be used to challenge a criminal conviction or sentence. See United States v. Tossie, 18 Fed. Appx. 71 (4th Cir. 2001); United States v. O'Keefe, 169 F.3d 281, 289 (5th Cir. 1999); United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998). Petitioner previously filed a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. §2255, Civil Action No. 7:05-cv-00302, which was dismissed as untimely, however, he fails to offer any ground on which this court could grant relief from the judgment entered in that case.

The United States Court of Appeals for the Fourth Circuit has specifically held that if a federal inmate in a closed § 2255 action attempts to bring a motion under Rule 60(b) that does not fall under the provisions of that rule, the court must address the pleading as a successive § 2255 motion. See United States v. Winestock, 340 F.3d 200 (4th Cir. 2003). Accordingly, Kennedy's pleading must be treated as a motion under § 2255 and the court must also summarily dismiss the motion as successive.

As stated, petitioner previously pursued a § 2255 motion challenging the same conviction



Case 7:07-cv-00261-NKM-mfu Document 3 Filed 06/11/07 Page 1 of 2 Pageid#: 15

and sentence. Thus, petitioner's current § 2255 motion is a subsequent or successive one. See § 2255, ¶8. This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit. As petitioner has not submitted any evidence of such certification by the Court of Appeals, the court must summarily dismiss the instant § 2255 motion.[1]

The Clerk is directed to send a certified copy of this Memorandum Opinion and accompanying Order to petitioner.

ENTER: This 11th day of June, 2007.

United States District Judge

[1] Petitioner is hereby advised of the procedure for obtaining certification from the United States Court of Appeals for the Fourth Circuit to have this court review a successive § 2255 motion. Petitioner must submit a copy of the successive § 2255 motion to the Court of Appeals, along with a motion requesting a three-judge panel certification that the district court may review the successive § 2255 motion. See 28 U.S.C. § 2244 (as amended, 1996). A Fourth Circuit form and instructions for filing this motion will be included with this notice or are available from the Fourth Circuit at the following address: Office of the Clerk, United States Court of Appeals for the Fourth Circuit, 900 E. Main St., Richmond, VA 23219.